```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN F. STREMPLE,              )
                               )
          Plaintiff,           )    Civil Action No. 01-890
                               )    Chief U.S. Magistrate Judge
                               )    Caiazza¹
     v.                        )
                               )
R. JAMES NICHOLSON²,           )
SECRETARY OF THE DEPARTMENT    )
OF VETERANS AFFAIRS,           )
                               )
          Defendant.           )
```

## MEMORANDUM ORDER

Before the court is the Defendant's Motion *in Limine* to Preclude Expert Testimony ("the Defendant's Motion"; Doc. 63). Specifically, the Defendant seeks to prevent the Plaintiff from presenting the testimony of Dr. Walter O'Donnell, M.D., ("O'Donnell") and Jay K. Jarrell/Donal F. Kirwan ("Jarrell-Kirwin") at trial.

The Defendant's Motion is GRANTED in part and DENIED in part.

With respect to O'Donnell, the motion is GRANTED, but only as it relates to the connection between the purported stressful events that began in 1996 and the Plaintiff's urological

---

[1] On February 20, 2004, District Court Judge Arthur J. Schwab referred this case to the undersigned, based on the parties' consent, "to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c)and Fed.R.Civ.P. 73." *See* Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference (Doc. 41).

[2] R. James Nicholson ("Nicholson") replaced Anthony Principi as Secretary of the Department of Veterans Affairs on February 1, 2005. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Nicholson is automatically substituted as the Defendant in this action.

problems.  He may also testify that the Plaintiff was cured with respect to his medical condition and that the condition did not prevent him from working.

With respect to the Jarrell-Kirwin report, the motion is DENIED.  *See generally* Abrams v. Lightolier, Inc., 50 F.3d 1204, 1219 (3d Cir. 1995) (acknowledging without comment that district court had admitted expert testimony to calculate back pay in ADEA discrimination case); Barnes v. United States, 685 F.2d 66, 68 (3d Cir. 1982) (finding no error in district court's admission and adoption of expert testimony by economics professor regarding lost wages where expert calculated damage by multiplying her annual wage by the number of years she would have remained in the work force).  Any perceived flaws in the report can best be tested on cross-examination.  *See* Voilas v. Gen. Motors Corp., 73 F.Supp.2d 452, 462 (D.N.J. 1999) ("[P]erceived flaws in an experts testimony often should be treated as matters properly to be tested in the crucible of the adversarial system [and] not as the basis for truncating that process.") (citations and internal quotations omitted).

To be clear, the Plaintiff's cause of action is based upon Count II (hostile work environment) and Count III (retaliation). Damage claims are limited to back pay and front pay and do not include pain and suffering and emotional distress.  *See, e.g.,* Rossi v. Sun Refining & Marketing Corp., 1995 WL 12056, *10 (E.D.

Pa. Jan. 11, 1995).

July 6, 2005                                              /s/ Francis X. Caiazza
                                                          Francis X. Caiazza
                                                          U.S. Magistrate Judge

cc:

Verdell Dean, Esq.
Allegheny Building
Suite 1609 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

James P. Ross, Esq.
20120 Route 19
Suite 208
Cranberry, PA 16066

Albert W. Schollaert, Esq.
Assistant United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219